IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WILLIE DAVIS,** *et al.*                                                                                     **PLAINTIFFS**

v.                                            **CASE NO. 4:18-CV-00183 BSM**

**CITY OF LITTLE ROCK**                                                                            **DEFENDANT**

## ORDER

The City of Little Rock's motion for summary judgment [Doc. No. 64] is denied on Jackie Parker's due process claim, and granted on all other claims.

## I. BACKGROUND

Parker was an officer with the Little Rock Police Department (LRPD) for 22 years until he was fired by Police Chief Kenton Buckner. Pl.'s Resp. Def.'s F. ¶ 1, Doc. No. 77. Parker is a 53 year-old black man. *Id.* ¶ 2. Buckner is also a black man. *Id.* Parker believes his age, race, and membership in the Little Rock Black Police Officer's Association (LRBPOA) contributed to his termination. *Id*. ¶ 2–3, 7.

While employed with the LRPD, Parker was counseled, reprimanded in writing, and given more than sixty days of suspensions. *Id.* ¶ 11–16. Parker was demoted in 2013, but it was overturned by the Civil Service Commission. *Id.* ¶ 25, 31. He was demoted again in 2016. *Id.*

Buckner was brought in from the Louisville Metropolitan Police Department to serve as chief of police in 2014. In March 2016, Buckner obtained a list of officers with more than sixty days of suspensions, and notified those officers that they would be terminated if they

received another suspendable violation. *Id.* ¶ 30, Resp. Mot. Summ. J. Due Process at 2, Doc. No. 74. It is undisputed that Buckner told Parker that he would be terminated if he received another disciplinary violation. *Id.* ¶ 40, 32.

Approximately a year later, Parker went to a domestic violence house-call but failed to take the suspect into custody despite the suspect having an active order of protection pending against him. *Id.* ¶ 51. He was subsequently terminated. *Id.* ¶ 1.

Parker filed this lawsuit against the City for race and age discrimination, and for retaliation. He is also suing under the Arkansas Whistleblower Act. The City moves for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

III. DISCUSSION

A.     Race Discrimination

Summary judgment is granted on Parker's race discrimination claim because he has not shown that the City's stated reason for firing him, his disciplinary record, is pretext for discrimination

Parker has not presented direct evidence of race discrimination, so he must establish his claim under the *McDonnell Douglass* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This requires him to establish a prima facie case of discrimination, meaning he must show (1) he is a member of a protected class; (2) he was meeting the City's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Gibson v. American Greetings Corp*., 67- F.3d 884, 853 (8th Cir. 2012). The burden then shifts to the City to provide a legitimate, nondiscriminatory reason for the adverse employment action taken against Parker. *McDonnell Douglass,* 411 U.S. at 802. If the City articulates a nondiscriminatory reason, Parker must show that the City's stated reasons for its actions are pretext for discrimination. *Id*. at 804.

Parker easily satisfies elements 1 and 3 of the prima facie case requirement. Whether he was meeting the City's legitimate job expectations is questionable and whether other similarly situated employees outside of his protected class were treated differently is in dispute. He, however, has met his burden of showing a prima facie case because the bar for

showing a prima facie case is exceptionally low. *Rodgers v. U.S. Bank, N.A.,* 417 F.3d 845, 851 (8th Cir. 2005) (quoting *Wheeler v. Aventis Pharms.*, 360 F.3d 853, 857 (8th Cir. 2004), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).

The City has provided a legitimate nondiscriminatory reason for terminating Parker. It states that Parker was fired due to his substantial disciplinary history, which spans from well before the time that Buckner was hired. Mot. Summ. J at 6; Reply Resp. Mot. Summ J. at 5–7. The City also points out that every officer in Parker's chain of command upheld the violations against him. Mot. Summ. J at 6. Parker attempts to show pretext in two ways.

First, he points to many other LRPD employees, whom he states are similarly situated but were treated differently. To show pretext by pointing to similarly situated employees who were treated differently, Parker must show that those employees were similarly situated in all relevant respects. *Gibson v. American Greetings Corp.*, 670 F.3d 844, 855 (8th Cir. 2012) (citing *Wheeler*, 360 F.3d at 858.). He has failed to meet this burden. For example he points to the following comparators who were not terminated: (1) Ryan Cunnings, who is younger than Parker, for failing to interview a victim and check for potential danger; (2) James Youngblood, who is white, for failing to report domestic violence by a department member; (3) Lt. Rusty Rothwell, a white male, disciplined by Chief Alice Fulk for not answering the call of a fellow detective that needed assistance; (4) Joshua Glass, a white male, for a domestic violence matter involving himself and his wife; (5) Brad Boyce, a white

male, for a domestic matter involving himself and his ex-girlfriend; (6) Jordan White, a white male, for failing to investigate a domestic call; (7) Kristen Watson, for failing to investigate a domestic call; and (8) Don Woods, who was not issued a violation but allegedly was involved in a domestic abuse incident. *Id.* at 21. He also contends that Lisa Nava-Hall (Hernandez), a Hispanic female officer, was similarly situated to him because she had a 67-day suspension history when she committed another violation and was not terminated. Resp. Mot. Summ. J. at 13–17, Doc. No. 76. He argues that her actions, confronting a store manager after a conflict with her daughter-in-law, were much worse than his "mistake" of failing to make an arrest pursuant to an order of protection. *Id.*

As the City points out, these comparators vary in many ways and are not similar to Parker in all relevant aspects, including the policy violation, conduct, level of management, and disciplinary history. Reply Resp. Mot. Summ. J. at 10–12.

Second, Parker asserts that it is clear that the City's reasons for firing him are pretextual because Buckner gave multiple reasons for terminating him. *Id.* at 14. This is untrue because Buckner's stated reasons do not conflict. *Hocevar v. Purdue Frederick Co.*, 223 F.3d 721, 727 (pretext to survive summary judgment exists where there is conflicting evidence of the motivation for discharge). Buckner's reasons– the policy violations, the 60-day rule, and his statements under oath– all relate to the extensive nature of Parker's disciplinary history, and these violations were upheld by his chain of command. Mot. Summ. J. at 6.

B. <u>Age Discrimination</u>

Summary judgment is granted on Parker's age discrimination claim. Parker argues there is direct and indirect evidence of discrimination because Buckner asked a senior officer "Why should I waste money on someone walking out the door?," in response to a senior officer's request for training. Moreover, Buckner referred to Parker as "retirement eligible" in comparison to Nava-Hall. Resp. Mot. Summ. J. at 35. He also argues that the LRPD has a history of age-based hostile work environment and that younger LRPD officers, Nava-Hall, Lee Pitts, and Rashwanda McDaniel, Cunnings, and Watson were not terminated for violating the same general order for which he was terminated. *Id.* at 37–38.

In response, the City correctly points out that Buckner's statements are not direct evidence of discrimination because they are not specifically linked to the adverse employment actions taken against Parker. *Yates v. Rexton, Inc.*, 267 F.3d 793, 800 (8th Cir. 2001) (quoting *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 835 (8th Cir. 2000)). One statement concerned national training of another officer and the statement relating to Parker was made in reference to his length of time with the agency as compared to Nava-Hall, not his age. *See* Resp. Mot. Summ. J., Ex. 2 at 216. Without direct evidence, the *McDonnell Douglass* analysis will apply. *Yates*, 267 F.3d at 800.

Finally, even if it is assumed that Parker has stated a prima facie case of age discrimination under the *McDonnell Douglass* burden shifting framework, he has failed to show that the City's non-discriminatory reason for terminating him was pretext for age

6

discrimination. *See* § A above.

    C.    Retaliation

Summary judgment is granted on Parker's retaliation claim because he has not established a causal link between his firing and his membership in LRBPOA or his deposition testimony in another civil case against the City. To establish a prima facie case of retaliation, Parker must show he (1) engaged in a protected activity; (2) suffered an adverse employment action; and (3) a causal connection between the protected activity and adverse employment action. *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005). Parker has failed to establish a causal connection between the giving of his deposition and his termination because his deposition was given in 2016 and he was terminated in 2017. *Kasper v. Federated Mut. Ins. Co.*, 425 F.3d 496, 503 (8th Cir. 2005); *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989 (8th Cir. 1999)(four-month gap weakens the inference of retaliation); *Shanklin v. Fitzgerald*, 397 F.3d 596, 603 (8th Cir. 2005)(ten-month gap "tend[ed] to evaporate" the causal link). Moreover, Parker has not shown that Buckner was aware that he was a member of LRBPOA.

    D.    Arkansas Whistleblower Act

Summary judgment is granted on Parker's Arkansas Whistleblower Act claim because he has not disputed the City's argument that he has never blown the whistle by speaking out against a decision, statement or action made by Buckner, and because his deposition does not meet the requirements of the statute. Mot. Summ. J. at 10.

7

E.  Due Process Claim

Summary judgment is denied on Parker's due process claim regarding the Little Rock Civil Service Commission's decision to uphold his termination. This claim, and the response to it, are a little muddled, but it appears that there is a material dispute as to whether Buckner was notified of the policy. Parker claims he was not notified while a number of affiants testify that they were made aware of the policy.

IT IS SO ORDERED this 31st day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE